[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10885
Non-Argument Calendar
_____

Agency No. A201-084-315

LIU YANNI,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 1, 2017)

Before TJOFLAT, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Liu Yanni[1] seeks review of the Board of Immigration Appeal's ("BIA")

final order affirming the Immigration Judge's ("IJ") denial of her application for

asylum pursuant to the Immigration and Nationality Act ("INA") § 208, 8 U.S.C. §

1158, withholding of removal pursuant to INA § 241(b)(3), 8 U.S.C. § 1231(b)(3),

withholding of removal under the United Nations Convention Against Torture and

Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R.

§ 208.16(c), and cancellation of removal under INA § 240A(a), 8 U.S.C.

§ 1229b(a).  She argues that the BIA in finding the untimeliness of her application

because she demonstrated both changed circumstances permitting a late application

and a well-founded fear of future persecution.  She also contends that substantial

evidence did not support the BIA's decision that she failed to present corroborating

evidence supporting her withholding of removal claim.  Finally, she argues that

substantial evidence did not support the BIA's determination that her removal

would not cause exceptional and extremely unusual hardship to her children.

Upon review of the record and the parties' briefs, we deny Liu's petition in

part and grant it in part.  Because she failed to challenge the IJ's determination

regarding the untimeliness of her asylum application before the BIA, she did not

exhaust her administrative remedies.  As a result, we lack jurisdiction to review her

asylum claim.  Additionally, substantial evidence did not support the BIA's

---

[1] The record refers to the petitioner inconsistently as "Liu" or "Yanni."  This opinion refers to her by her family name, Liu.

2

decision that the IJ did not clearly err by denying her withholding of removal claim based on her failure to provide corroborating evidence that showed a clear probability of persecution if she were removed because the IJ and the BIA ignored important evidence of persecution. Because the BIA did not review it, we lack jurisdiction to review the IJ's credibility determination. Finally, we lack jurisdiction to review the BIA's discretionary decision denying Liu's application for cancellation of removal. We remand to the BIA for a decision regarding withholding of removal that considers all of Liu's evidence and, if necessary, reviews the IJ's adverse credibility determination.

## I.

We review our own subject-matter jurisdiction regarding the BIA's decision about the timeliness of an application for asylum *de novo*. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).

An application for asylum must be filed within one year of entering the United States. INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). However, untimely applications may be considered in the event of changed circumstances that materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to delay in filing the asylum application. 8 U.S.C. § 1158(a)(2)(D); *see also* 8 C.F.R. § 208.4(a)(5) (identifying events that qualify as extraordinary circumstances). We previously decided that INA § 208(a)(3), 8

U.S.C. § 1158(a)(3), divests us of jurisdiction to review decisions of whether an alien complied with the one-year time limit, or whether extraordinary circumstances were present to justify untimely filing of the asylum application. *Gonzales*, 479 F.3d at 765.

Because the INA requires that a petitioner exhaust her administrative remedies, we lack jurisdiction to consider issues that the petitioner did not raise before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006). Challenges raising due process issues are assertions of procedural errors requiring exhaustion. *Id.*

Outside of the immigration context, we may consider an issue not raised before the district court if doing so prevents a miscarriage of justice, a decision left to our discretion. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 989-90 (11th Cir. 1982).

We lack jurisdiction to review the BIA's decision as to the timeliness of Liu's asylum claim because she failed to raise the issue before the BIA. *Amaya-Artunduaga*, 463 F.3d at 1251. The fact that she raises a due process issue does not excuse her failure to exhaust her administrative remedies. *Id.* Liu's argument that we may consider arguments not raised in the court below is not applicable here, because the INA's jurisdictional bar to review prevents us from exercising any discretion to consider new arguments. *Cf. Roofing & Sheet Metal Servs., Inc.,*

689 F.2d at 989-90. Even if she previously exhausted her administrative remedies, we lack jurisdiction to review the BIA's decision as to timeliness, including its decision that no extraordinary circumstances justified the late filing. *Gonzales*, 479 F.3d at 765. Thus, we deny Liu's petition as to her asylum claim.

## II.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Where the BIA agrees with the IJ's reasoning, we review the decisions of both the BIA and the IJ to the extent of the agreement. *Id.*

In a petition for review of a BIA decision, we review conclusions of law *de novo*. *Id.* We review factual determinations, including an alien's statutory eligibility for withholding of removal, under the substantial evidence test. *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011). Pursuant to this test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. *Id.* We must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole and may reverse the BIA's findings of fact only when the record compels a reversal. *Id.* The mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings. *Id.* An IJ's finding about the likelihood of an individual

suffering harm like forcible sterilization is part of the factual basis for the decision under review. *Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1312 (11th Cir. 2013).

To qualify for withholding of removal, an applicant must establish that her "life or freedom would be threatened in [his] country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The applicant must show that it is more likely than not that she will be persecuted on account of a protected ground if returned to her home country. *Cendejas Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013). A person who has a well-founded fear that he or she will be forced to undergo involuntary sterilization, or be subject to persecution for failure, refusal, or resistance to undergo such a procedure, or for other resistance to a coercive population control program shall be deemed to have a well-founded fear of persecution on account of political opinion. INA § 101(a)(42)(B), 8 U.S.C. § 1101(a)(42)(B). An extraordinarily severe fine may be so severe as to amount to persecution. *Matter of T-Z-*, 24 I. & N. Dec. 163, 171 (BIA 2007). However, such a fine must cause a severe economic disadvantage such that the fine reduces the applicant to an impoverished existence. *Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1156 (11th Cir. 2014).

An applicant's testimony, if credible, may be sufficient to sustain the burden of proof for withholding of removal without corroboration. *Tan v. U.S. Att'y Gen.*,

6

446 F.3d 1369, 1376 (11th Cir. 2006).  A decision-maker must provide a reasoned explanation why the applicant failed to meet her burden of proof despite credible testimony and other evidence.  *Id.* at 1377.  Although the BIA need not discuss every piece of evidence presented, it must consider all the evidence submitted by the applicant.  *Seck*, 663 F.3d at 1368.  Remand is necessary when the record suggests that the BIA failed to consider important evidence in that record.  *Id.*  In *Seck*, we remanded where the BIA determined that a country report indicated that the practice of female genital mutilation was not common in the applicant's home country, but the BIA failed to consider evidence that the practice was more common among the applicant's ethnic group.  *Id.* at 1367-68.

Fears of future sterilization by Chinese nationals based on China's one-child policy must be evaluated on a case-by-case basis.  *Wu*, 745 F.3d at 1155.  To demonstrate an objectively reasonable well-founded fear, an alien must show: (1) proof of the details of the family planning policy relevant to her; (2) the alien violated the policy; and (3) the violation of the family planning policy would be punished in the local area in a way that would give rise to an objective fear of future persecution.[2]  *Id.*

---

[2] In an unpublished opinion, we found that a Chinese applicant failed to demonstrate a well-founded fear of forcible sterilization or other harm that would rise to the level of persecution in China based on his violation of the one-child policy.  *Huang v. U.S. Att'y Gen.*, 346 F. App'x 463, 467 (11th Cir. 2009) (unpublished).  Based on the 2005 through 2007 country reports on China, which were substantively similar to the 2011 report, we agreed with the BIA that the applicant had not presented sufficient evidence to support a well-founded fear of persecution.  *Id.*

Here, because the BIA did not adopt the IJ's decision or rely on its reasoning, we review the BIA's opinion as the final judgment.  Because the BIA assumed Liu's credibility and did not review the IJ's adverse credibility determination, we likewise review only the BIA's decision regarding whether Liu provided sufficient corroborating evidence.

Substantial evidence does not support the BIA's determination that Liu failed to demonstrate that she was more likely than not to suffer persecution based on her violation of China's one-child policy.  Thus, we grant her petition for review, vacate the BIA's order, and remand to the BIA for a decision that considers all of the evidence presented.[3]  The BIA determined that Liu failed to provide corroborating evidence that she would face persecution in China, "including whether it is more likely than not that she will face a severe fine upon her removal to China for violating that country's population control measures."  However, Liu submitted a State Department country report that stated, "[t]he law requires each person in a couple that has an unapproved child to pay a social compensation fee, which can reach 10 times a person's annual disposable income."  The country report stated that although China's national laws prohibit forced sterilization, local officials often pressured couples with two children to undergo

---

[3] Though the BIA also considered whether Liu would face persecution in Malaysia, she does not raise this issue on appeal.  Likewise, Liu does not challenge the BIA's denial of her application for withholding of removal under CAT.  Therefore, she has waived these issues.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

8

sterilization.  It also stated that certain provinces enforced regulations requiring women who violate family-planning policies to terminate their pregnancies, and that Shaanxi province required unspecified "remedial measures" for unauthorized pregnancies.  The country report corroborated Liu's testimony that she would face hefty fines and possibly sterilization if she returned to China.  It also corroborated her testimony—which the BIA assumed was credible—that her brother was forced to separate from his second child in order to prevent the government from learning of him.  The IJ correctly stated that the country report indicated an "easing" of the one-child policy, but then incorrectly stated that Liu had not provided any documentation to support her belief that she would face a heavy fine.

Liu's failure to identify a sufficiently similarly-situated individual who suffered persecution was the basis for neither the BIA nor the IJ's decision.  The government's contention that she did not identify another returnee from the United States who was persecuted for violating the one-child policy therefore cannot be the substantial evidence that supports the BIA's decision.  Moreover, her testimony indicated that her brother was subject to persecution despite his child being born in Hong Kong.  Though the brother is not perfectly similarly-situated, his experience may be similar enough to justify Liu's argument that she faces a clear probability of persecution.

9

However, the only corroborating evidence relevant to her province in particular that Liu presented was the country report's statement that Shannxi province permitted "remedial measures" for unauthorized pregnancies. Moreover, she did not present any evidence that children born in the United States are treated as a violation of the one-child policy. Arguably, Liu failed to show that the details of the one-child policy would apply to her. *Wu*, 745 F.3d at 1155. Unlike in *Seck*, Liu did not provide specific evidence about the likelihood of persecution in her local area. *Seck*, 663 F.3d at 1367–68. In particular, the country report does not appear to support her contention that she would be sterilized. *Cf. Huang*, 346 F. App'x at 467.

Liu likely did not provide sufficient evidence to show a clear probability of future persecution. Therefore, she may be unable to meet her burden for withholding of removal based on the evidence she provided. Nevertheless, substantial evidence did not support the BIA's determination that she failed to provide corroborating evidence in support of her testimony. Liu's contention that she would face large fines that were potentially sufficient to constitute persecution was supported by at least some corroborating evidence that the BIA and IJ ignored. As in *Seck*, the BIA failed to consider important evidence supporting Liu's testimony that she would personally face persecution. *Seck*, 663 F.3d at 1367–68.

10

Because Liu provided the country report, which stated that Chinese law requires each person in a couple with an unapproved child under China's one-child policy to pay a "social compensation fee" that can reach ten times a person's annual disposable income, the record compels the conclusion that the BIA's statement that she provided no corroborating evidence for her claim that she would face fines that amount to persecution was clear error. Assuming, as the BIA did, that her testimony was credible, the BIA's determination that the IJ did not err in finding that there was no clear probability of future persecution was not supported by substantial evidence. We therefore grant Liu's petition as to her withholding of removal claim, vacate the BIA's decision as to her withholding of removal claim, and remand to allow the BIA to consider the evidence presented by Liu that was not discussed. We lack jurisdiction to review the IJ's credibility finding, because the BIA's decision did not address it. However, on remand, the BIA may need to revisit the IJ's credibility determination if it determines that Liu provided sufficient corroborating evidence to support her testimony.

## III.

We review our own subject-matter jurisdiction *de novo*. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 (11th Cir. 2006).

An alien may avoid removal from the United States and adjust her status to that of a lawful permanent resident if she: (1) has continuous physical presence in

11

the United States for ten years; (2) is of good moral character; (3) has not committed one of a number of specified offenses; and (4) shows that her citizen or lawful permanent resident spouse, parent, or child will suffer "exceptional and extremely unusual" hardship.  INA § 240A(b), 8 U.S.C. § 1229b(b).

We lack jurisdiction to review the BIA's purely discretionary determination that a petitioner failed to satisfy INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D)'s exceptional and extremely unusual hardship requirement for cancellation of removal.  *Martinez*, 446 F.3d at 1221.  We have jurisdiction only to review constitutional claims or questions of law.  *Id.*

Here, we lack jurisdiction to review the BIA's denial of Liu's application for cancellation of removal, because it was based on its purely discretionary determination that she failed to show exceptional and extremely unusual hardship. Though Liu states that the BIA did not apply the law correctly, her only arguments on appeal are that the BIA incorrectly weighed the evidence in its hardship determination, which is not a constitutional claim or a question of law.  We lack jurisdiction to review that determination.  Therefore, we deny Liu's petition as to her cancellation of removal claim.

We GRANT Liu's petition as to the denial of her application for withholding of removal and DENY her petition as to her applications for asylum and cancellation of removal.  We VACATE IN PART the BIA's decision as to Liu's

withholding of removal claim and REMAND for proceedings consistent with this opinion.