[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12654
Non-Argument Calendar

_____

Agency No. A201-084-315

LIU YANNI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 10, 2019)

Before TJOFLAT, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Liu Yanni,[1] a native and citizen of China, seeks review of the Board of Immigration Appeals's (the "BIA") final order affirming the Immigration Judge's ("IJ") denial of her application for withholding of removal under 8 U.S.C. § 1231(b)(3).  Liu argues that, on remand, the BIA inappropriately engaged in fact-finding by taking administrative notice of the U.S. State Department's 2017 Country Report on Human Rights Practices in China (the "2017 Country Report").  She contends that the BIA violated her right to due process of law by relying on the 2017 Country Report without first giving her an opportunity to respond to or rebut it.  Importantly, she does not contend that the BIA erred in denying her application for withholding of removal on the merits.

The Government contends that, on appeal, Liu does not challenge the BIA's merits denial of her application for withholding of removal, and she has therefore abandoned that issue.  It also argues that the BIA did not violate Liu's right to due process of law by taking administrative notice of the 2017 Country Report.

Because Liu is unable to show that she was substantially prejudiced by the BIA's procedural error, we affirm.

---

[1] The record refers to the petitioner inconsistently as "Liu" or "Yanni."  This opinion refers to her by her family name—Liu.

2

I.

Liu is a citizen of China and was admitted to the United States on a non-immigrant student visa on November 5, 2000.  She overstayed her visa and married a Malaysian immigrant.  The couple have since had two children, the first in 2002 and the second in 2011.

In early 2011, Liu filed an application for withholding of removal.  Later that year, the Department of Homeland Security referred her application to an IJ and commenced removal proceedings, charging her with removability under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States longer than permitted.  Liu applied for withholding of removal, stating that she feared returning to China because of the country's one-child policy.  Specifically, she worried that her status as a parent of two children would subject her to a hefty fine or sterilization.

The IJ denied Liu's application.  In addition to concluding that Liu was not credible, the IJ found that Liu did not sufficiently corroborate her claims.  Liu appealed to the BIA, but the BIA dismissed the appeal.  The BIA assumed that Liu was credible but concluded that she had not marshalled enough evidence to corroborate her claims that she would be fined or sterilized.

Liu then petitioned the Eleventh Circuit for review of the BIA's decision.  We granted the petition in part, vacated the BIA's decision in part, and remanded

3

to the BIA for further proceedings.  *See generally Liu v. U.S. Att'y Gen.*, 707 F.

App'x 697 (11th Cir. 2017) (per curiam).

On remand, the BIA again dismissed Liu's appeal.  Considering the

evidence it had originally ignored—as this Court's remand required—the BIA

again concluded that Liu failed to demonstrate a clear probability of persecution

for violating the one-child policy.  In addition, the BIA took administrative notice

of the State Department's 2017 Country Report for China, which noted that China

replaced its one-child policy with a two-child policy in January 2016.  Moreover,

the BIA noted that the 2017 Country Report no longer listed Liu's province

(Shaanxi) as among those requiring "remedial measures" for unauthorized

pregnancies.

Liu timely appealed.

## II.

In a petition for review of a BIA decision, we review any legal

determinations *de novo*, and the factual determinations under the substantial-

evidence test.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006)

(per curiam).  The substantial-evidence test requires us to "view the record

evidence in the light most favorable to the agency's decision and draw all

reasonable inferences in favor of that decision."  *Adefemi v. Ashcroft*, 386 F.3d

1022, 1027 (11th Cir. 2004) (en banc).  And we must affirm the BIA's decision "if

4

it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004) (citation omitted).  We review a petitioner's constitutional challenges *de novo*.  *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2013) (per curiam).

We "review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion.  Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well."  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (citation omitted).  Here, because the BIA did not adopt IJ's reasoning, we review only the BIA's decision.  *See id.*

Under agency regulation, the BIA may not engage in factfinding in the course of deciding appeals.  8 C.F.R. § 1003.1(d)(3)(iv).  However, that same regulation expressly permits the BIA to "take[] administrative notice of commonly known facts such as current events *or the contents of official documents*."  *Id.* (emphasis added).  And our precedent recognizes that the BIA is "entitled to rely heavily on" State Department reports.  *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1243 (11th Cir. 2004).

With respect to due process, the Fifth Amendment entitles petitioners in removal proceedings to due process of law.  *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010) (per curiam).  "Due process requires that aliens be

5

given notice and an opportunity to be heard in their removal proceedings." *Id.*

"To establish a due process violation, the petitioner must show that she was

deprived of liberty without due process of law and that the purported errors caused

her substantial prejudice." *Id.* And "[t]o show substantial prejudice, an alien must

demonstrate that, in the absence of the alleged violations, the outcome of the

proceeding would have been different." *Id.*

As a preliminary matter, we conclude that Liu has abandoned any challenge

to the BIA's conclusion that her application for withholding of removal lacked

merit. Her brief doesn't adequately challenge this conclusion, so she waived the

issue. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005)

(per curiam).

Liu has, however, properly raised the issue of whether the BIA violated her

due process rights by administratively noticing the 2017 Country Report and by

relying on that document without first giving her an opportunity to respond.

Whether the BIA was required to give her an opportunity to respond before it ruled

on her petition is an open question in this Circuit. But other circuits have spoken,

and their holdings on this issue are split.

The Fifth, Seventh, and D.C. Circuits do not require the BIA to provide

notice and an opportunity to be heard before taking administrative notice of

dispositive facts. These circuits have held that the availability of a motion to

reopen serves as a sufficient "mechanism to rebut officially noticed facts" because the petitioners can use the motion to present the BIA with "evidence that the facts it officially noticed are incorrect or that they are true but irrelevant to their case." *Kaczmarczyk v. INS*, 933 F.2d 588, 596–97 (7th Cir. 1991); *see also Rivera-Cruz v. INS*, 948 F.2d 962, 967–69 (5th Cir. 1991); *Gutierrez-Rogue v. INS*, 954 F.2d 769, 773 (D.C. Cir. 1992).  If the BIA refuses that motion, the petitioner can appeal.

On the other side of the split, the Ninth, Tenth, and Second Circuits have held that "due process requires that the BIA provide applicants with notice and an opportunity to be heard *before* the BIA determines on the basis of administratively noticed facts that a petitioner lacks a well-founded fear of persecution."  *Burger v. Gonzalez*, 498 F.3d 131, 135 (2d Cir. 2007); *see also Gomez-Vigil v. INS*, 990 F.2d 1111, 1113–14 (9th Cir. 1993); *de la Llana-Castellon v. INS*, 16 F.3d 1093, 1100 (10th Cir. 1994).

But we have no occasion to reach this issue today.  While we think that the BIA should have notified Liu that it intended to rely on the 2017 Country Report before it dismissed her petition, Liu has not shown that this procedural error substantially prejudiced her.  On remand, the BIA primarily relied on facts from the 2011 Country Report that Liu had previously introduced; it cited the 2017 Country Report only as additional authority.  In other words, the BIA would have reached the same conclusion even if it hadn't cited the 2017 Country Report.

7

Thus, Liu cannot establish a due process violation because she cannot show that the BIA's error substantially prejudiced her. *See Lapaix*, 605 F.3d at 1143 ("To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different.").

**PETITION DENIED.**